## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Brian Keith McElroy | ) | CASE NO:  1:22CV2101 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| City of Painesville | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Brian Keith McElroy has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Mr. McElroy is a pretrial detainee in Brevard County Jail awaiting extradition and trial in Lake County on charges of having weapons while under disability, possession of a fentanyl related compound, aggravated possession of drugs, possessing criminal tools, and possession of a drug abuse instrument. For the following reasons, the Court denies the petition and dismisses this action.

## I. Background

The petition contains very few facts, but it appears that Mr. McElroy is being detained in a county jail in Florida, awaiting extradition and trial in Lake County, and he is challenging his pending criminal proceedings in Lake County. (*Id.*). According to the Lake County Court of Common Pleas docket, Mr. McElroy failed to appear for trial, his bond was revoked, and a bench warrant was issued for his arrest. *See State of Ohio v.*

*McElroy*, No. 21CR000115 (Lake Cnty Comm. Pl. Ct. judgment entry filed February 14, 2022).

Mr. McElroy alleges malicious prosecution, abuse of process, a violation of due process and equal protection, false arrest and imprisonment, and retaliatory arrest. He requests dismissal of the charges against him and the return of his bond money. (*See* Doc. No. 1).

## II. Standard of Review and Discussion

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting

2

28 U.S.C. § 2241(c)). Because the petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Nonetheless, federal courts should abstain from the exercise of its jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other procedures available to the petitioner. *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042-44 (S.D. Ohio 2011). Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, which is "a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Atkins*, 644 F.2d at 546. And the rule of abstention in conjunction with the requirement of exhaustion of state court remedies provide the state courts the "opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (a federal court should not interfere in pending state criminal proceedings absent a threat of an "irreparable injury" that is "both great and immediate."); *see also Smith v. Hall*, No. 3:12-CV-1022, 2013 U.S. Dist. LEXIS 21448, 2013 WL 587479, at *3 (M.D. Tenn. Feb. 13, 2013) (collecting cases) ("Courts have generally recognized that *Younger* applies to applications for the writ of habeas corpus.").

Federal courts therefore typically reject petitions for habeas relief under the *Younger* abstention, with two exceptions: (1) claims that the state prosecution violates the Double Jeopardy Clause; and (2) speedy trial claims where the petitioner seeks an order compelling the state to grant him a speedy trial rather than dismissing the state court action. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-19 (1st Cir. 2000); *Atkins*, 644 F.2d at 546; *Humphrey*, 840 F. Supp. 2d at 1042-43. Regarding speedy trial claims, federal courts draw a distinction between "a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987).

Even if a claim is available to a petitioner under Section 2241, however, the petitioner must still exhaust his state court remedies before bringing those claims in federal court. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under Section 2241 is not a statutory requirement. Compare 28 U.S.C. § 2254(b)(1)(A) with § 2241. The Sixth Circuit, however, has imposed the exhaustion requirement in the context of Section 2241 to accommodate principles of federalism. *Phillips v. Hamilton Cnty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). Pretrial detainees proceeding under Section 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).

Here, Mr. McElroy challenges the legality of his arrest and confinement, alleging bias against him, lack of evidence, a deprivation of due process, and an equal protection

violation. He does not assert a double jeopardy or speedy trial claim. The *Younger* abstention therefore applies, and this Court must refrain from interfering in the petitioner's state criminal proceedings. Moreover, even if he had raised a claim properly considered under Section 2241, the petitioner does not demonstrate he has exhausted his available state remedies, and the relief he seeks is dismissal of the charges against him, which is not an available remedy on habeas review under Section 2241.

Accordingly, the petition on its face does not suggest a viable basis for Mr. McElroy to pursue relief in this Court under § 2241.

### III. Conclusion

Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. For the foregoing reasons, the Court denies McElroy's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 and dismisses the action.  Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date: January 30, 2023                              */s/ John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT